UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON ANDERSON, | CASE NO. 1:09-cv-1050-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| BRIAN PHILLIPS, et al., | |
| Defendants. | (ECF No. 21) |

**ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Vernon Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before this Court is a Motion to Dismiss filed by Defendants Phillips and Myers on October 19, 2010. (Mot., ECF No. 21.) Plaintiff filed an opposition on December 9, 2010. (Opp'n, ECF No. 24.) Defendants filed a reply on December 18, 2010. (Reply, ECF No. 25.)

This action proceeds on Plaintiff's Complaint filed June 8, 2009. (Compl., ECF No. 1.) On March 18, 2010, the Court screened Plaintiff's Complaint and found that, in alleging that Defendants Phillips and Myers denied Plaintiff authorized Kosher meals without penological justification, Plaintiff stated a cognizable claim against those Defendants for interfering with Plaintiff's exercise of his religious beliefs in violation of the First Amendment. (Order, ECF No. 10.)

## II. ARGUMENT

In the instant Motion, Defendants argue that Plaintiff failed to exhaust his administrative remedies before filing this action. They highlight Plaintiff's admission in his Complaint that he did not file a grievance concerning his claim for Halal food. Sworn statements attached to Defendants' Motion show that Plaintiff did not file an appeal concerning the denial of Kosher foods and that he never received a third level decision regarding that alleged denial.

In his Opposition, Plaintiff contends that the appeal, grievance, and administrative remedies at Pleasant Valley State Prison are ineffective. He attaches a copy of the original denial. (Opp'n, ECF No. 24 Ex. A.) Plaintiff asserts that other inmates were denied their religious meals and that their administrative appeals were never answered or returned. In short, it appears Plaintiff contends that filing an appeal for this incident would have been futile and that is why he did not comply with the exhaustion requirement.

## III. LEGAL STANDARD

"The Prison Litigation Reform Act [("PLRA")] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002)) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases."). "'[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting Porter, 534 U.S. at 532); accord Roles v. Maddox, 439 F.3d 1016, 1018 (9th Cir.), cert. denied, 549 U.S. 905 (2006). The PLRA's "exhaustion requirement is mandatory." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005)

(The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure."). Even if the prisoner seeks monetary or other relief that is unavailable through the grievance system in question, the prisoner must still first exhaust all available administrative remedies. See Booth v. Churner, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

While the PLRA requires "proper" exhaustion of available administrative remedies, Woodford v. Ngo, 548 U.S. 81, 93 (2006), it does not define the boundaries of proper exhaustion. See Jones, 549 U.S. at 218. Rather, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford, 548 U.S. at 90. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; see, e.g., Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009, as amended June 5, 2009) (per curiam) ("The California prison system's requirements define the boundaries of proper exhaustion.") (internal quotation marks and citation omitted). Absent a prison grievance procedure mandating the naming of each individual involved, a prisoner need not identify all of the defendants later named in a lawsuit during the administrative grievance process. Jones, 549 U.S. at 218.

The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. See Jones, 549 U.S. at 213-14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Specifically, the defendant must show that some administrative relief remains available to the plaintiff "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." Brown, 422 F.3d at 936-37. In deciding a motion to dismiss

for failure to exhaust, a court may "look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119-20.  When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.  However, dismissal of the entire complaint is not required when a prisoner has exhausted some, but not all, of the claims included in the complaint.  See Jones, 549 U.S. at 223-24.

California provides its inmates and parolees the right to appeal administratively the alleged misconduct of correctional officers and "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a), (e).  In order to exhaust administrative remedies within this system, a prisoner normally must proceed through four levels: (1) initiation of informal resolution through submission of a CDC form describing the problem and the action requested; (2) first level formal written appeal to the prison's appeals coordinator; (3) second level formal appeal to the institution's warden or designee; and (4) third level formal appeal to the CDCR Director ("Director's Level").  Id. § 3084.5; see Woodford, 548 U.S. at 90-91 (California prisoners are required to use the process established by Cal. Code Regs., tit. 15 §§ 3084.1, 3084.2-3084.6 in order to satisfy 42 U.S.C. § 1997e(a)); Porter, 534 U.S. at 532 (the exhaustion requirement is mandatory and applies to all prisoner suits relating to prison life that do not implicate the duration of the prisoner's sentence).

**IV.    ANALYSIS**

In his Complaint, Plaintiff acknowledges the existence of an administrative remedy available at his institution which he did not pursue regarding the incident giving rise to this Complaint.  (Compl., ECF No. 1 at 3.)  He did not pursue the remedy because, he contends, it would have been futile to do so.

Futility is not an exception to the exhaustion requirement.  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); see also Tatum v. Rosario, 2005 WL 2114190, *2 n.4 (E.D. Cal. Sep. 1, 2005).

Because it is undisputed that Plaintiff did not properly exhaust his administrative remedies prior to bringing this action, the Court does not have jurisdiction over his claims. Defendants' Motion to Dismiss for failure to exhaust administrative remedies therefore should be granted and the case dismissed without prejudice.

## V. CONCLUSION

For the reasons stated above, the Court recommends the following:

1. Defendants' Motion to Dismiss be GRANTED and

2. Plaintiff's action be DISMISSED WITHOUT PREJUDICE.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 29, 2011                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE